UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMZA SHARIF,<br><br>                      Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>                      Respondent. | Civil No.   11cv2671-CAB (MDD)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION [Doc. No. 14]; (2) REJECTING PETITIONER'S OBJECTIONS [Doc. No. 15]; DENYING THE PETITION [Doc. No. 1]; AND (4) DENYING CERTIFICATE OF APPEALABILITY** |

      Hamza Sharif ("Petitioner"), is a state prisoner proceeding *pro se* with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] This matter was referred to United States Magistrate Judge Mitchell D. Dembin pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 72 of the United States District Court for the Southern District of California. Magistrate Judge Dembin issued a Report and Recommendation ("Report") recommending the Court deny the petition. [Doc. No. 14.] Petitioner filed objections to the Report. [Doc. No. 15.]

      Following *de novo* review of Petitioner's claims, the Court finds the Report to be a thorough, complete, and accurate analysis of the legal issues presented in the petition. For the reasons explained below, the Court: (1) adopts the Report in full; (2) rejects Petitioner's objections; (3) denies the Petition; and (4) denies a certificate for

1

appealability.

## BACKGROUND

### I. Factual Background

The Report contains an accurate recital of the facts as determined by the California Court of Appeal, and the Court fully adopts the Report's statement of facts. As the magistrate judge correctly noted, the Court presumes state court findings of fact to be correct.

### II. State Procedural Background

The Report contains a complete and accurate summary of the state court proceedings, and the Court fully adopts the Report's statement of state procedural background.

### III. Federal Procedural Background

On November 15, 2011, Petitioner filed a petition challenging his San Diego County Superior Court conviction. [Doc. No. 1.] Respondent filed an answer to the petition [Doc. No. 10-1.], and lodged portions of the state record. [Doc. No. 11.]

On October 26, 2012, Magistrate Judge Mitchell D. Dembin issued a Report recommending the Court deny the Petitioner's petition for a writ of habeas corpus. [Doc. No. 14.] On November 8, 2012, Petitioner filed an objection to the Report. [Doc. No. 15.] In his objection, Petitioner argues the magistrate judge erred in finding that the state court made a reasonable application of clearly established federal law or a reasonable determination of the facts in light of the evidence. Because Petitioner objected to the Report in its entirety, the Court reviews the Report *de novo*. 28 U.S.C. § 636(b)(1)(C); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

## DISCUSSION

### I. Legal Standard

The Report sets forth the correct standard of review for a petition for a writ of habeas corpus. Under 28 U.S.C. § 2254(d):

(d) An application for a writ of habeas corpus on behalf of a person in

> custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 403, 412-13 (2000).

Under § 2254(d)(1), a state court's decision is contrary to clearly established federal law if the state court (1) arrives at a different conclusion than a federal court on a question of law or (2) confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the federal court. *Williams*, 529 U.S. at 405. A state court's decision is an unreasonable application of clearly established federal law if the application was objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Under § 2254(d)(2), a state court's determination of the facts does not warrant habeas relief unless the underlying factual determinations were objectively unreasonable. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see also Rice v. Collins*, 546 U.S. 333, 341-42 (2006) (noting the fact that "reasonable minds reviewing the record might disagree" does not render a decision objectively unreasonable).

## II. Analysis of Petitioner's Claims

Petitioner raises two claims: (1) his counsel provided ineffective assistance by permitting the trial court to add a "return to court" provision to the plea bargain which he neither agreed to nor negotiated and, thus is an invalid condition [Doc. No. 1-1 at 6-7]; and (2) the "return to court" order was a separate chargeable offense and he was entitled to due process to have that charge proven [Doc. No. 1-1 at 8].

### A. Claim One: Ineffective Assistance of Counsel

Petitioner claims that his counsel provided ineffective assistance because he permitted the trial court to add a "return to court" provision to the plea bargain which he neither agreed to nor negotiated and, thus, is an invalid condition. [Doc. No. 1 at 6-7.] To

establish a claim for ineffective assistance of counsel Petitioner must show that: (1) the assistance provided by his counsel fell below an "objective standard of reasonableness"; and (2) the deficient representation "prejudiced" the defense. *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). In his objections, Petitioner agrees that this is the proper standard but argues that the magistrate judge failed to apply it to the Petitioner's set of facts. [Doc. No. 15 at 2.] However, Petitioner provided no evidence that his counsel was ineffective or coerced Petitioner into pleading guilty in any way. As the magistrate judge points out, the record is devoid of any evidence that Petitioner did not understand his plea. [Doc. No. 14 at 7.] In fact, the transcript of the change of plea hearing shows that Petitioner's plea was knowing and voluntary. [Lodgment 11.] In addition, the plea agreement shows that Petitioner was facing a possible sentence of 25 years to life [Lodgment 1 at 75.] The record also shows that Petitioner signed the plea form and stated he understood all the portions and that no one had intimidated him or coerced him or made any other promises. [Lodgment 1 at 74-76.] Therefore, Petitioner fails to meet the first prong of the *Strickland* test.

Petitioner also fails to provide any evidence showing that any supposed deficient representation prejudiced the defense. As correctly noted by the magistrate judge, as a result of his plea bargain, and the granting of his motion to dismiss one prior strike conviction, Petitioner was sentenced to five years, doubled to ten, rather than the twenty-five-years-to-life he would have faced as the maximum term. [Doc. No. 14 at 11.] Petitioner received the benefit of the plea bargain. Thus, Petitioner fails to meet the second prong of the *Strickland* test. Accordingly, the Court rejects Petitioner's objections, adopts the Report and denies the petition as to this claim.

**B. Claim Two: Violation of Due Process**

Petitioner contends that the "return to court" order was a separate chargeable offense and he was entitled to due process to have that charge proven [Doc. No. 1-1 at 8]. He argues that he was supposed to receive a four-year term and that, but for the "return to court provision," he would have received such a term. However, as the magistrate judge correctly noted, Petitioner was never promised a lower sentence and the trial court made it clear to Petitioner that failure to appear at the sentencing hearing could

affect sentencing. [Doc. No. 14 at 13.] Moreover, the record shows that Petitioner stated that he understood that he could be sentenced up to the allowable maximum of 25 years to life, and that he was to return to court for sentencing on May 20, 2011. [Lodgment 11 at 3-6.] As the Court of Appeal reasonably held, Petitioner got the benefit of his bargain by receiving a sentence substantially less than the allowable maximum. Thus, there is no evidence to support Petitioner's claim that his failure to appear for sentencing was a separately chargeable offense.

Finally, in his objections, Petitioner continues to argue that he should have been allowed to withdraw his plea pursuant to Cal.Pen.Code § 1192.5. [Doc. No. 15 at 6.] However, Petitioner signed a "Cruz waiver" [Lodgment 1 at 75], which waived Petitioner's right to be sentenced conditionally and to withdraw his guilt plea pursuant to Cal. Pen. Code § 1192.5. Moreover, Section 1192.5 does not apply because Petitioner's agreement was not to a specified term. Therefore, Petitioner did not have a right under Section 1192.5 to withdraw his plea. Accordingly, the Court rejects Petitioner's objections, adopts the Report and denies the petition as to this claim.

## CERTIFICATE OF APPEALABILITY

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]' " *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made a "substantial showing" as to any of the claims raised by his petition, and thus the Court *sua sponte* denies a certificate of appealability.

## CONCLUSION

In sum, Petitioner has not established that the appellate court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence

1 | presented in state court. The Court hereby: (1) **ADOPTS** the Report in full; (2)
2 | **REJECTS** the Petitioner's objections; (3) **DENIES** the Petition; and (4) **DENIES** a
3 | certificate of appealability.

DATED: June 17, 2013

                                              **CATHY ANN BENCIVENGO**
                                              United States District Judge